**IN THE UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF NEW YORK**

JOSE INOA,

Plaintiff,

-against-

L.T. DZIDUCH, (D.P); L.T. ENSER; L.T. DELANEY;
SERGEANT MONKATHON; CORRECTIONAL
OFFFICERS, C.O.  MILLIGAN;C.O. MEYER;
ATTICA C.F.; MEDICAL PERSONEL;
JOHN DOE(s); JANE DOE(s), ATTICA C.F.; OFFICE
OF MENTAL HEALTH, JOHN DOE(s); JANE DOE(s);
SUPERINTENDENT JOLIE M. WELCOTT,
ATTICA C.F., DEPARTMENT OF CORRECTIONS,
(DOCCS)

Defendant(s)

**COMPLAINT**
**CIVIL ACTION**
**NO.#_____**

22 CV 6509-G



Plaintiff, Pro-se, first amended complaint against defendant(s), L.T. Dziduch, L.T. Enser, L.T.

Delaney, Sergeant. Monkathon, C.O. Milligan, C.O. Meyer, Attica Correctional Facility,

Medical Personnel, John Doe(s), Jane Doe(s), Superintendent/Warden, Jolie M. Welcott, Attica

Correctional Facility, and alleges as follows:

<strong><u>JURSIDICTION AND VENUE</u></strong>

1. This court had Jurisdiction over this action under 28 U.S.C. §1331 (3) (4). The matters in

   controversy arise under 42 U.S.C. §1983.

2. Venue property lies in this District pursuant to 28 U.S.C. §1391 (b) (2), because the events

   giving rise to this cause of action occurred at Attica Correctional Facility, in the City of

   Attica, New York, which is located within the Western District of State.

## PARTIES

3.  Plaintiff, Mr. Inoa, is and was, at all times relevant hereto, a prisoner in the Custody of the New York State, Department of Corrections & Community Supervision, (DOCCS), at the time of the events relevant thereto, plaintiff Mr. Inoa was incarcerated in Attica Correctional Facility, in Western New York, Plaintiff, is currently incarcerated at Green Haven Correctional Facility.

4.  Defendant L.T. Dziduch, is an officer working for DOCCS, who at all times relevant hereto, was/is assigned to Attica Correctional Facility (DOCCS).

5.  Defendant L.T. Enser, is an officer working for DOCCS, who at all times relevant hereto, was/is assigned to Attica Correctional Facility (DOCCS).

6.  Defendant L.T. Delaney, is an officer working for DOCCS, who at all times relevant hereto, was/is assigned to Attica Correctional Facility (DOCCS).

7.  Defendant Sergeant Monkathon, is an officer working for DOCCS, who at all times relevant hereto, was/is assigned to Attica Correctional Facility (DOCCS).

8.  Defendant C.O. Milligan, is an officer working for DOCCS, who at all times relevant hereto, was/is assigned to Attica Correctional Facility (DOCCS).

9.  Defendnat C.O. Meyer, is an officer working for DOCCS, who at all times relevant hereto, was/is assigned to Attica Correctional Facility (DOCCS).

10. Defendnat(s) Office of Mental Health John Doe(s), Jane Doe(s), was/is who at all times relevant hereto, employed or retained by DOCCS, to provide Medical Mental Health services to prisoner at Attica Correctional Facility (DOCCS).

11. Defendant(s) Office of Mental Health, John Doe(s), Jane Doe(s), was/is who at all times relevant hereto, employed or retained by DOCCS, to provide Medical Health services at Attica Correctional Facility.

12. Defendant, Superintendent, Jolie M. Wolcott, was/is who at all times relevant herein, Superintendent/Warden of Attica Correctional Facility, Department of Corrections & Community Supervision, (DOOCS).

13. This action arises under and is brought pursuant to 42 U.S.C. section §1983, to remedy the Deprivation, Compensatory, Punitive, Damages, under the Color of State Law of guaranteed by the United States Constitution (eight and fourteenth), amendment to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. sections §1331.

14. Plaintiff Mr. Jose Inoa, claims for injunctive relief are authorized by 28 U.S.C. §2283/2284, rule 65 of the Federal rules of civil procedure.

15. THIS CAUSE OF ACTION AROSE IN THE WESTERN DISTRICT OF THE STATE OF NEW YORK. THEREFORE, VENUE IS PROPER UNDER 28 U.S.C. SECTION §1391 (b).

## NO PREVIOUS LAWSUITS BY PLAINTIFF

16. Plaintiff Mr. Inoa, has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to plaintiff Mr. Inoa's imprisonment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES, FOR VIOLATING THE UNITED STATES CONSTITUTION, EIGHT & FOURTEENTH AMENDMENT.

17. Plaintiff Mr. Inoa, submitted multiple grievances to the I.G.R.C. program, in Attica Correctional Facility, to try to resolve plaintiff's problems on 7/6/22, 1/15/22, 2/1/22, 2/7/22, 4/4/22, 5/3/22, 6/27/22. Plaintiff, presented the facts relating to plaintiff complaints while being in New York State, Department of Corrections & Community Supervision, (DOCCS),

grievance program (IGRC). The complaints were numbered as follow: # 0299-22, # 0377-22, # 0203-22, # 0301-22. # 0278-22, #1335-22.

18. Plaintiff, Mr. Inoa, re-alleges and incorporates reference paragraph [1-17], herein:

19. At all relevant herein, Defendant(s), were "Person", for purposes of 42 U.S.C. section §1983, and acted under the Color of Law, to deprive plaintiff Mr. Inoa, Constitutional rights, as forth below:

## FACTS

20. Plaintiff, a prisoner now at Green Haven Correctional Facility, in the downstate area of New York, who is Wrongfully Convicted/Actual Innocent Man from the State of Georgia. Plaintiff, was given a diagnoses of Post Traumatic Stress Disorder, (P.T.S.D.), failure to Control by Manhattan Detention Center, (M.D.). Plaintiff, has suffered physical psychotically duress, pressure, for multiple gun-shot wounds stemming from an Upper Manhattan attack, in New York City, on May 2005 (Exhibit Enclosed). Plaintiff, now, continues to suffer and stress due to the Attica Correctional Facility attack by three (3) inmates John Doe(s), and Discrimination by Correctional officers.

21. On or about June 2021, plaintiff, worked in the Attica Correctional Facility messhall, and was assigned/resided in E-Block (E-52-2 cell). Plaintiff is a Jehovah witness, humble man, hard worker, has a family, with an excellent disciplinary facility (DOCCS) record.

22. Plaintiff Mr. Inoa, on or about July 2021, was told by defendant(s), that plaintiff had a package room call-ot, with items sent from home (street vendor, Amazon.com). Defendant, C.O. Meyer, told plaintiff that said package, (boots, bed sheets, and other items were not allowed), per DOCCS directive(s). Defendant, C.O. Meyer, sadistically said, with a low toned voice, "he does not care, about plaintiff's package, it's a pandemic, fuck you "you

14

Spik", your not getting nothing". Plaintiff, just filed a grievance and was charged excessive for shipping for said items. Plaintiff, Mr. Inoa's family or said company, (Amazon company), never received the items, which cause stress to plaintiff's and his family in furtherance evidence of malfeasance by Defendant(s).

23. Defendant Sergeant Monkathon, after plaintiff filed said grievance (I.G.R.C) mentioned above, the defendant visited plaintiff's assigned/cell, under video footage & audio recording, in Attica Correctional Facility, Messhall block (E-52-2) cell.

24. Defendant, Sgt. Monhathon, told plaintiff in a racist tone," here is your tracking # number, you spik", (914-902-2007-894-0923-2112), 100 Thomas P. Schools lane, in which plaintiff, was further set-up for a very dangerous situation with defendant(s), due to all the grievances filed.

25. Defendant(s), due to the grievances filed in Attica Correctional Facility's, package room, defendant(s), continue the harassments with discriminatory intention. Plaintiff, was fired from the Attica Correctional Facility, Messhall and was moved to a violent gang infested block purposely, in violation of the United States Constitutional rights (U.S.C.), Eight & Fourteenth Amendment.

## ATTICA CORRECTIONA FACILITY, ATTACK/ASSUALT

26. Plaintiff was attacked on January 15, 2022 (7-8 a.m. eastern time), C-block, 31-32 cell. Plaintiff engaged in a verbal argument that turned violent. Plaintiff asked Incarcerated Individual John Doe, about plaintiff's tablet being passed around.

27. Plaintiff was in his assigned cell, (31-34), when suddenly surprised by three (3) Attica Correctional Facility Incarcerated Individuals, John Doe(s). Plaintiff's cell door was opened

by the officers, Defendant(s). Plaintiff was assaulted with a razor sharp blade, all under video footage & audio recordings, (C-block, 31-34, cell), Attica Correctional Facility.

28. Plaintiff was left with fear, and emotional distress. Plaintiff wanted to be an inspiring actor/artist. Plaintiff also embraces the fact that he can not find a job with a disfigured face and lacerations for the rest of his life to his nose, eyes, body, head, and left with severe Concussion.

29. Plaintiff believes and knows that, this was all done in retaliation for the multiple grievances filed. Moreover, following the attack/assault, plaintiff, left a trail of blood all seen under video footage & audio recordings on or about January 15, 2022, was taken to the clinic at Attica Correctional Facility, where plaintiff had to treat his own wounds from the assault, and not given adequate medical treatment by Attica Correctional Facility, John Doe(s), Jane Doe(s), personnel. Again, this happen under video footage & video recordings. Plaintiff was sent to the Wyoming County Hospital Care Unit, for plaintiff's untreated wounds and inadequate medical care received by Attica Correctional Facility, for plaintiff's deep cuts/laceration received by three (3) Attica Correctional Facility Incarcerated Individuals named John Doe(s). Plaintiff received multiple stitches/sutures. Plaintiff, was given x-rays to determine plaintiff's well being, and sent back to Attica Correctional Facility's – Clinic/Hospital.

## ARRIVAL AT ATTICA CORRECTIONAL FACILITY, FROM WYOMING COUNTY HOSPITAL CARE UNIT

30. Plaintiff despite his severe concussion, injuries, bruises, and lacerations elucidating pain, blood lost from the sutures/stitches received by a Wyoming County Hospital Emergency Care Unit personnel (Ms. Jolie). Plaintiff endured soaked stained blooded sheets, as a result of said, injuries and was administered Tylenol.

16

31. Moreover, pain swelling near plaintiff's (18) received sutures/stitches by a nurse/medical personnel at Wyoming County Hospital Emergency Care Unit. Plaintiff severe pain continue near facial and head, including body areas, yet no stronger pain relief was administered.

32. Notwithstanding the opinions of the Attica C.F. medical personnel Jane Doe(s), John Doe(s), Said, that plaintiff did not need to remove sutures/stitches, was malfeasance act and violated plaintiff's (U.S.C.) rights and extended medical treatment due to plaintiff's, light sensitivity in plaintiff's eyes.

33. Defendant(s), medical personnel at Attica Correctional Facility continue to refuse to remove plaintiff's facial and body sutures or send plaintiff, to an out-side hospital for adequate treatment. Plaintiff, due to grievances filed, received death threats, under pressure & racist discrimination by defendant by defendant(s). Also called a "Spik", "nigga", "crybaby", and a "Spanish immigrant wet-dog".

34. Plaintiff, now with a disability, to bright light, in plaintiff's eyes. Plaintiff continues to be harass by Defendant(s), despite plaintiff's request to stay in Attica Correctional Facility's (Clinic/Hospital). Plaintiff was escorted to the Special Housing Hint (S.H.U.0 by Correctional Officers, for the assault/attack on plaintiff. Plaintiff was discharged by Medical Personnel, (at Attica Correctional Facility), John Doe(s) and Jane Doe(s), and refuse to administered medication for the pain from the sutures/stitches, and further follow ups.

35. Moreover, while in the Special Housing Unit (S.H.U.), Plaintiff, Mr. Inoa, received a tier (2) misbehavior report for the alleged charges. No tape #. Numbers were produced for the alleged charges, concerning the given hearing. Defendant Lieutenant Delaney, (Attica Correctional Facility), in which Plaintiff had asked, said Defendant, to drop the charges

against plaintiff, for the lack of evidence. In furtherance, defendant(s), misbehavior report against plaintiff, appear to be without a witness signature. Plaintiff asked, said hearing Lieutenant Delaney, for witnesses in which said request was denied.

36. Defendant, under video footage and audio, told the plaintiff, while the plaintiff was hand-cuffed to the back, in a hearing cell, with protected fiber glass, in a sexual remark, racist tone, stated, "you want to come to my house/home". Defendant, Lieutenant said, these surprising words, under video footage and audio recordings, (held in DOCCS at Albany). Plaintiff made a compliant with the office of Special Investigation Unit (OSI).

37. Plaintiff, after said hearing, was escorted back to his S.H.U. cell. Plaintiff continues asking for medical treatment, for removal of the painful sutures/stitches. Plaintiff was then release from Special Housing Unit, and placed in the I.P.C. housing area, and was transferred without the adequate medical treatment, in violation of N.Y. COM. CODES. R. & REGS. TITLE. 9, § 7010.2 (H), which entails Adequate Medical Health Services. Plaintiff, while awaiting transfer in the I.P.C., housing unit, was sent to see a Mental Health Specialist, which is a crazy person holding cell all night, with the lights all night, by a Jane Doe(s), Defendant, without any reason – Plaintiff has no mental health issues, except for history of Post Traumatic Stress Disorder (P.T.S.D) in which Plaintiff was diagnosed by a Mental Health Specialist, Arkaiy Chernyak, (M.D.), from New York City, Manhattan Detention Center (M.D.C., due to multiple gun-shot wound in the streets.

38. Plaintiff, on the day he was transferred, Sergeant Monhathon, defendant, approach Plaintiff, while in a holding cell, told plaintiff, in a low-toned voice, that plaintiff will continue to be harassed for multiple grievances filed, emphasizing that Sergeant Monkathon, (defendant), is still acting in retaliation for all grievances filed under video footage and audio recordings.

Plaintiff was then transferred to Green Haven Correctional Facility (G.H.C.F.), and without notice received a tier (3), without a hearing.

**BREACH OF DUTY TO PROTECT AT ATTICA CORRECTIONAL FACILITY**

39. Civil New York Correction Law § 45 (3), (Mc. Kinney 1995), (DOCCS), duty to inspect safety, security sanitary conditions rehabilitative programs. (N.Y. Comp. Codes. R. & Regs. Title. (9), § 7010.2 (H), Adequate Health Service and Medical records shall established and maintained. (Miss. Code. Ann. § 47-1, 57, (1), in need of Medical or Surgical Aid, Nurse or Physician.

40. Plaintiff Mr. Inoa, re-alleges and incorporates by reference plaintiff's, allegation in paragraph (1-39), as if restated herein.

41. Defendant(s) exercised deliberate indifference to plaintiff Mental Health and safety by failing to protect plaintiff from the Attica Correctional Facility attack/assault, even though defendant(s) had been informed of a threat to plaintiff's health & safety. Defendant(s) sadistically repeated used harassment and inhuman tactics in which created a unhealthy surrounding – Defendant(s) laughed at plaintiff's injuries.

42. As a result of the deliberated indifference exercised by the aforementioned defendants(s). Plaintiff, suffered serious extreme harm at the hands of (3) Inmates John Doe(s).

43. Plaintiff, sustained multiple physical injuries, including (18) deep razor blade cuts to plaintiff's, mouth, nose, face, head, body, and eyes, as well as migraine headaches, dizziness, due to a severe concussion. Plaintiff, also, continue to suffered from extreme emotional distress, has (P.T.S.D.), Post Traumatic Stress Disorder (Diagnoses), from a January 15, 2022, incident & from a Street, Gun-Shot wound, injuries & discrimination.

## FAILURE TO ADMINISTERED ADEQUATE MEDICAL REMEDIES, IN VIOLATION OF UNITED STATES CONSTITUTION, (EIGHTH & FOURTEETH AMENDMENTS).

44. N.Y. COM. CODES R. TITE. (9),    7010.02(H), adequate health service and medical records shall establish and maintained. MISS. CODE. ANN.    47-1(57)(1), in need of medical or surgical aid, nurse or physician. CIVIL. N.Y. CORRECT. LAW    45 (3) McKinney, 1995, (DOCCS), duty to inspect, safety, security, sanitary conditions, rehabilitative programs.

45. Plaintiff Mr. Inoa, re-alleges and corporate by reference. Plaintiff, allegation in paragraphs (1-44), as if fully restated herein.

46. Defendant(s), exercise deliberated indifference to plaintiff's, mental health and safety by failing to provide adequate mental care to plaintiff, following the assault / attack by (3), Attica C.F., inmates John Doe(s), porters (C-Block, 31-34), working for the C.O.'s (Defendant(s)).

47. Defendnat(s), intentionally did not administer treatment and care for plaintiff's cuts. Plaintiff, removed sutures/stitches in which defendant(s), John Doe(s), Jane Doe(s), refused to fulfill any of plaintiff's request for sick-call or follow up's, care, instead defendant(s) mocked and said, racist remarks in front of the Medical Personnel, Jane Doe(s), John Doe(s), and Attica Correctional Facility, Correctional officers, under video footage and audio recordings.

48. As a result defendant (s), used deliberate indifference to plaintiff's, conditions. Plaintiff, suffered further pain and mental distress, anguish, due to plaintiff's, self removed suture/stitches and Post Traumatic Stress Disorder (P.T.S.D.), from the assault/attach & gun-shot wounds suffered.

49. Plaintiff, continues to suffer due to problems in plaintiff's light sensitive eyes, and from the emotional stress, migraines and general pain throughout plaintiffs, back and body.

50. Defendnat(s), refused to provide adequate pain medication for plaintiff. In addition, plaintiff was unable to eat and sleep properly for days after receiving care from defendant(s), for the plaintiff, was left disable from plaintiff's eyes.

51. Defendant(s), exercised deliberate indifference to plaintiff Mental Health and safety by failing to properly investigate plaintiff's Post Traumatic Stress Disorder (P.T.S.D) and provide adequate medical health care, yet defendant(s) placed plaintiff in a special Mental Health Unit for Crazy people (Incarcerated Individuals) on February 12-15, 2022, without any notice. Plaintiff, does not take Mental Health Medication, yet plaintiff express this concerns to John Doe(s), Jane Doe(s), and Defendant(s).

**RETALIATORY, INADEQUATE MEDICAL CARE, FOR DISCRIMINATION AGAINST PLAINTIFF'S RACE, AND GENDER IN VIOLATION OF (U.S.C.) UNITED STATES CONSTITUTION AND TREATMENT AND FILING GRIEVANCES.**

52. Plaintiff Mr. Inoa, re-alleges and incorporates by reference, plaintiff, allegations in paragraphs (1-51), as if fully restated herein.

53. Plaintiff Mr. Inoa, submitted multiple grievances to the I.G.R.C. program, # 0299-22, # 0377-22, # 0203-22, # 0301-22. # 0278-22, #1335-22 and immediately after January 15, 2022, assault/attack, early morning (7-8 a.m.), upon plaintiff, plaintiff's family made numerous complaints to Attica Correctional Facility, and Albany, New York (O.S.I.), Office of Special Investigation.

54. Defendant(s), repeatedly harassed and cause Metal Distress harm to plaintiff, in retaliation for all of the grievances filed. Defendant)s- forced plaintiff, to submit to unwanted strip search(es), disrespectful, racist discriminatory, unhealthy, unsafe, surrounding, even though

Defendant(s) did not have any reason do so. Defendant(s), verbally harassed plaintiff, in retaliation for plaintiff filling grievances. Defendant L.T. Delaney told plaintiff in a low berated voice that plaintiff, "was the type who liked to filed grievances", and it did not matter if plaintiff, "filed a law suit", because plaintiff, was not "going to get any money from the State of New York" ,(DOCCS), and that "nothing is going to be done".

55. These acts represent a pattern of events demonstrating intent and malfeasances, racist discrimination in retaliation against plaintiff, by defendant(s), for filing grievances.

56. Defendnat(s), have caused plaintiff, further Mental Distress and anguish as a result.

**WHEREFORE**, Plaintiff Mr. Inoa, asks for judgment in plaintiff's favor and damages in plaintiff's, favor against all defendant(s), in an amount sufficient to compensate plaintiff, for the mental anguish, pain, facial deformation and discrimination by race & gender, suffered by plaintiff, due to the Deliberate Indifference and the intentional unprofessional misconduct by defendant(s), & John Doe(s), Jane Doe(s), but in less than $1,000,000., together with plaintiff, attorney's fees and cost and such additional relief as the Court may be deem just and proper.

Dated: November 2nd 2022

Respectfully Submitted,

Mr. Jose Antonio Inoa, #10-A6079
Green Haven C.F.
594 Route 216
Stormville, New York 128

SWORN TO BEFORE ME THIS
2nd DAY OF November 2022

NOTARY PUBLIC

ELIZABETH PEREZ-COLON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE6406912
Qualified in Dutchess County
My Commission Expires 4-20-24

4-20-24

23

EXHIBIT

Inoa, J     1046079     Green Haven

| NEW YORK STATE Corrections and Community Supervision | Grievance Number<br>A-0203-22 | Desig /Code<br>I/50 | Date Filed<br>02/07/22 |
|---|---|---|---|
| KATHY HOCHUL<br>Governor        ANTHONY J. ANNUCCI<br>Acting Commissioner | Associated Cases | | Hearing Date<br>06/23/22 |
| | Facility<br>Attica Correctional Facility | | |
| INCARCERATED GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance<br>Assaulted By Other Incarcerated Individuals/Stitch | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon a full hearing of the facts and circumstances presented in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is accepted in part.

CORC notes that the grievant's complaint has been reviewed by the Division of Health Services' staff, who advise that a complete investigation was conducted and the grievant is receiving appropriate treatment. CORC further notes that the grievant was involved in an appropriately documented Unusual Incident (UI) on 1/15/22 after being involved in an altercation with other incarcerated individuals. The grievant was seen by medical staff following the incident for lacerations to their forehead, nose, lip, eyebrow, hip, head and eyelid. Their sutures were subsequently removed on 2/7/22. CORC has not been presented with sufficient evidence that the grievant did not receive appropriate treatment. CORC recommends that the grievant address any further medical concerns to medical staff via established sick call procedures. They should also address safety or security concerns to area supervisory staff, at that time, for the most expeditious means of resolution.

CORC also notes that the grievant was issued a Tier III misbehavior report for their actions on 1/15/22, which they did not appeal. CORC asserts that there is no provision in Directive #4040 for the grievance program to be used as an additional or secondary appeal mechanism for a misbehavior report. CORC advises the grievant that incarcerated individuals are solely responsible for their actions while in the Department's custody.

CORC upholds the discretion of the facility administration to determine when to review video or audio recordings for grievance investigations and advises the grievant that the appropriate avenue for requesting to review or purchase copies of video footage, audio recordings, or other facility records is through the Freedom of Information Law (FOIL) mechanism.

CORC notes that the grievant may write to whomever they wish regarding this complaint as long as the recipient is not on their negative correspondence and telephone list.

RAL/

----------------------------------------------------------------------------------------
----------------------------------------------------------------------------------------

8/26/22

This document has been electronically signed by Annemarie McGrath

NYC HEALTH AND HOSPITAL CORPORATION

CORRECTIONAL HEALTH SERVICES

AFTER CARE LETTER

---

## AFTER CARE LETTER

Date: 12 / 08 / 08

To Whom It May Concern:

Patient IONA, Joe. # 349057-5672 has been under our care for the following conditions:

I. Health Problems

II. Treatments, Medications, Date, Follow-Up Needs

Diagnosis: Axis I Post Traumatic Stress disorder. Impulse control disorder. Axis II Personality disorder.

Plan (Treatment)
1. Seroquel 600 mg Once a day (Sedation)
2. Effexor 150mg BID tes (Anxiety)
3. Trazodone 50mg PO QHS (Insomnia)

Follow-up care is required for the above conditions(s)

Arkadiy Chernyak, MD

Clinic Tel. # (212) 225/4460

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

FORM 2168 (REV. 6/93)
(XEROX LOCALLY AS NEEDED)

## ATTICA CORRECTIONAL FACILITY

Check One     - ADMINISTRATIVE SEGREGATION RECOMMENDATION

               - INVOLUNTARY PROTECTIVE CUSTODY RECOMMENDATION

1. INMATE'S NAME _INOA____ Din.# 10A6079_____ Cell 19-29_____

2. Reason For This Recommendation:

On 1/15/22, INOA 10A6079 was assaulted by Couser 10B2094, Lee 18B2402, and McMillian 16B3111. All three individuals are still housed in Attica. All three are known members of the "Bloods" gang. It is my belief animosity still exists and if left in general population I/S INOA would be assaulted again.

_1/28/22_    _1:30 pm_    _O. Leonard_     _____     _17_
Date         Time       Name Of Person     Signature     Title
                         Making Recommendation

3. Is inmate confined pending a determination on this recommendation? YES (NO)

4. If Yes,
     a. Housing Unit Of Present Confinement   B - 19 _____ Cell: 29 _____
     b. Authorized By: _DS White_ _____

NOTICE TO INMATE: A hearing will be conducted within 14 days of this recommendation in accordance with the provisions of Part 254 of Chapter V. You will be entitled to call witnesses on your own behalf, provided that doing so does not jeopardize institutional safety or correctional goals.

If restricted pending a hearing on this recommendation you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued confinement.

DISTRIBUTION:     ORIGINAL   INMATE
                 COPY       DISCIPLINARY OFFICE

RECEIVED

JAN 3 1 2022

ATTICA CORRECTIONAL
DISCIPLINARY OFFICE

**IN THE UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF NEW YORK**

JOSE INOA,

                                    Plaintiff,                    **SUMMONS
                                                                    CIVIL ACTION
            -against-                                                NO.#_____**

L.T. DZIDUCH, (D.P); L.T. ENSER; L.T. DELANEY;
SERGEANT MONKATHON; CORRECTIONAL
OFFFICERS, C.O. MILLIGAN; C.O. MEYER;
ATTICA C.F.; MEDICAL PERSONEL;
JOHN DOE(s); JANE DOE(s), ATTICA C.F.; OFFICE
OF MENTAL HEALTH, JOHN DOE(s); JANE DOE(s);
SUPERINTENDENT JOLIE M. WELCOTT,
ATTICA C.F., DEPARTMENT OF CORRECTIONS,
(DOCCS)

                                    Defendant(s).

To the above-mentioned Defendant(s):

You are hereby Summoned and required to serve upon plaintiff, whose address is at the

Downstate area, in Green Haven Correctional Facility, 594 Route 216, Stormville, NY 12582, an

answer to the Complaint which is herewith served upon you, within (20) days after service of

this Summons upon you, exclusive of the day of service, if you failed to do so, Judgment by

default will be taken against you for the relief demanded in the Complaint.

Dated:_____

                                                    CLERK OF THE COURT

4

MR. JOSE ANTONIO INGA #10A6079
GREEN HAVEN C.F.,
594 ROUTE 216,
STORMVILLE, N.Y. 12582

Legal Mail

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK,
U.S. COURTHOUSE, 2 NIAGARA SQUARE
BUFFALO, NEW YORK 14202

ATTN: CLERK OF COURT

USDC WDNY
NOV 14 2022
BUFFALO

CERTIFIED MAIL

7022 0410 0002 1695 8913

NEOPOST
US POSTAGE $009.65
ZIP 12582
041M11466608