UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSE INOA,

   Plaintiff,

v.               22-CV-6509-FPG
                 ORDER
L.T. DELANEY, SERGEANT
MONKATHON,

   Defendants.

---

  *Pro se* Plaintiff Jose Inoa ("Plaintiff"), a prisoner currently confined at the Green Haven Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis*. ECF Nos. 1, 2, 7. The Court granted Plaintiff permission to proceed *in forma pauperis* and screened his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). ECF No. 22 (the initial screening order).

  Upon screening, the Court (1) permitted Plaintiff's retaliation claim against Defendants Delaney and Monkathon to proceed to service; (2) dismissed DOCCS and Attica Correctional Facility as parties to this action; (3) dismissed all claims for monetary damages against Defendants in their official capacities; (4) dismissed Plaintiff's inadequate medical care, failure to protect, and equal protection claims with leave to amend; and (5) denied Plaintiff leave to add proposed claims concerning the use of artificial intelligence and nano metals in the COVID-19 vaccines, as well as the abduction of his wife because these claims are frivolous on their face. ECF No. 22 at 14 n.2, 15-16.

Plaintiff has now filed three amended complaints, ECF Nos. 27, 29, 31,[1] a motion for appointment of counsel, ECF No. 32, and five letters with exhibits, ECF Nos. 28, 30, 33, 34, 35.

## I. Motion to Appoint Counsel

The Court first addresses Plaintiff's motion to appoint counsel. As the Court stated in a previous order, *see* ECF No. 24, there is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; the indigent's ability to present the case; and the complexity of the legal issues. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).

At this early stage of the proceedings, the Court remains unable to properly assess the relevant factors. Plaintiff's motion to appoint counsel, ECF No. 32, is denied without prejudice. He is free to resubmit his motion if and when the case proceeds to discovery. Because Plaintiff has now filed three motions for appointment of counsel and because the Court has now twice apprised Plaintiff that he will be free to resubmit his motion if and when the case proceeds to discovery, *see* ECF No. 24, he is cautioned that any additional motion to appoint counsel filed prior to the commencement of discovery may be summarily denied.

---

[1] The documents filed at ECF Nos. 29 and 31 have been docketed as continuations of exhibits to the amended complaint that is filed at ECF No. 27. The Court has reviewed these documents and finds that they are amended complaints intended to supersede each previously filed amended complaint. *See, e.g.,* ECF No. 29 at 1 ("Please be informed that enclosed, is the amended and correct, Civil Action Complaint.").

2

II.   **Amended Complaint**

Regarding Plaintiff's amended complaints, for the purpose of this review only, the Court treats ECF No. 31 as the operative complaint because that document is Plaintiff's most recently filed amended complaint. However, given that Plaintiff is proceeding *pro se*, the Court has also reviewed Plaintiff's other filings for any relevant allegations.

As noted above, in its initial screening order, the Court granted Plaintiff leave to amend three claims—inadequate medical care, failure to protect, and equal protection. ECF No. 22 at 8-12, 15-16. The Court denied Plaintiff leave to add proposed claims concerning the use of artificial intelligence and nano metals in the COVID-19 vaccines, as well as the abduction of his wife, holding that those claims are frivolous on their face. *Id.* at 14 n.2. The Court also apprised Plaintiff that an amended complaint is intended to completely replace the prior complaint in the action, rendering any prior complaint of no legal effect, that his amended complaint must allege how each named defendant was involved in the specific constitutional violations, and cautioned Plaintiff that if he failed to file an amended pleading that conformed to the Court's instructions, the claims would be dismissed. *Id.* at 14-16.

For each of the claims dismissed with leave to amend, the Court set forth the elements required to plead the claim and described the deficiencies in Plaintiff's pleading. *Id.* at 8-16. Plaintiff's inadequate medical care and failure to protect claims failed because Plaintiff's allegations did not identify the Defendants involved, and his equal protection claim failed because it lacked factual allegations demonstrating an intent to disadvantage Hispanic inmates, including Plaintiff, or an intent to discriminate against Plaintiff based on his race. *Id.*

All of Plaintiff's recent filings, including the amended complaint, ECF No. 31, are replete with references to and arguments regarding artificial intelligence and nano metals in the COVID

3

vaccine, which the Court expressly forbade in its previous screening order. ECF No. 22 at 14 n.2. Because Plaintiff was prohibited from making such allegations, the Court does not address them or consider them in making the decisions below.

**A. Inadequate Medical Care**

The initial screening order apprised Plaintiff that his complaint failed to state a claim for deliberate indifference to his serious medical need because he did not allege that any of the Defendants had actual knowledge of his serious medical needs and were deliberately indifferent to them. ECF No. 22 at 10. The Court observed that Plaintiff alleged that he had to remove his own sutures, but he did not identify the Defendants involved in his medical care or identify any individual who refused to provide treatment.

Plaintiff now alleges that "Attica C.F., medical hired personal [sic] entities neglected to treat the severe concussion, injuries, bruises, and lacerations elucidating pain, blood lost from the sutures/stiches [sic] received [at] Wyoming County Hospital." ECF No. 31 at 22, ¶ 11. "Plaintiff, endured soaked stained blooded sheets, as a result of said, injuries to plaintiff's, nose, eyes, body, head and was administratered [sic] Tylenol, never removed plaintiff's sutures/stiches [sic] while in Attica C.F., Plaintiff, filed, multiple grievances unanswered, and was transferred with above[] injuries." *Id.* These allegations again do not identify the Defendants involved in Plaintiff's medical care or specify any individual who refused to provide treatment. In addition to the allegations in his amended complaint, Plaintiff filed exhibits in support of this claim. However, the exhibits do not demonstrate deliberate indifference, but instead show that Attica personnel both delivered care for his wounds and offered care that Plaintiff refused. *See* ECF No. 35 at 7, 10.

Having carefully reviewed the amended complaint and accompanying documents, the Court finds that dismissal of Plaintiff's inadequate medical care claim without further leave to

4

amend is appropriate for two reasons. First, Plaintiff did not remedy the deficiencies identified by the Court in the initial screening order, that is, he did not sufficiently identify any Defendant involved in his medical care or any individual who refused to provide treatment. *See Williams v. Baxter*, No. 22-CV-6117-EAW, 2023 WL 5584345, at *3 (W.D.N.Y. Aug. 29, 2023) (when a plaintiff has been apprised of the deficiencies in his complaint and put on "the plainest notice of what was required," but has still not alleged any facts that plausibly state a claim for relief, dismissal without leave to amend is appropriate); *Hidalgo v. Kikendall*, No. 08-CV-7536, 2009 WL 2176334, at *4 (S.D.N.Y. July 22, 2009) (dismissing deliberate-indifference claim for inadequate medical care where the "absence" of "specific allegations as to how [the defendant] allegedly acted improperly" was "fatal to [plaintiff's] complaint"). Second, Plaintiff's disagreement with the treatment offered and delivered does not state a valid claim of medical mistreatment under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (a complaint that a provider has been negligent in diagnosing or treating a medical condition or a plaintiff's disagreement with a course of treatment does not state a valid claim of medical mistreatment under the Eighth Amendment); *accord Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Accordingly, Plaintiff's inadequate medical care claim is dismissed without leave to amend.

### B. Failure to Protect

The Court's initial screening order observed that to state a failure to protect claim, Plaintiff would first need to show that he is incarcerated under conditions posing a substantial risk of serious harm. ECF No. 22 at 10. The Court then concluded that Plaintiff's allegation that he was assaulted by other inmates in a surprise attack in his cell, without more, did not constitute incarceration under conditions posing a substantial risk of serious harm. *Id.* Consequently, the Court apprised Plaintiff

that this claim could survive screening only if he could show that a specific defendant opened his cell door to allow the attacking inmates to enter. *Id.* at 11. The Court further advised Plaintiff that in repleading this claim, he should include as much detail as possible about the date and time of the attack and a description of the correction officers involved. *Id.*

> Plaintiff now alleges the following:
>
> L.T. Dziduch, wrongful action arised [sic] on Jan. 15, 2022, when Plaintiff Mr. Inoa, was attacked/ assaulted on January 15, 2022, (7-8 am., Eastern time), C-block, (31-34, cell), when Plaintiff, engaged in a verbal arguement [sic] that turn violent, with three (3) believed influenced/Activated inmates who work as inmate Porter(s), in Attica Correctional Facility (C-block). Plaintiff, asked, inmates John Doe(s), about Plaintiff inmate tablet being passed around. Recklessly.
>
> Plaintiff, was in his assigned cell (31-34, see audio & footage of the incident, Jan. 15, 2022), when suddenly surprised by three (3) Attica C.F., John Doe(s), Plaintiff, cell door was opened by Attica C.F., Correctional Officer(s), directed by defendant(s). Plaintiff Mr. Inoa, was assaulted with razor sharp blade(s) [and] left with emotional wounds of disfigurement.
>
> Plaintiff, states that Defendant L.T. Dziduch (D.P.), was personally involved when defendant, found Plaintiff Mr. Inoa, guilty, on Jan. 28, 2022, hearing (11;18 am- started, 11;49 amended), review incident[.]

ECF No. 31 at 20-21, ¶¶ 1, 2, 4.

These allegations neither sufficiently identify any Defendant who allegedly opened Plaintiff's cell door just before other inmates assaulted him, nor do they adequately describe the circumstances under which any Defendant opened the door. Rather than pleading facts that answer the Court's question as to which Defendant or Defendants opened Plaintiff's cell door to let the assailants in and the circumstances surrounding the opening of the cell door, Plaintiff's allegations leave only questions. Specifically, who opened Plaintiff's cell door and why? Although Plaintiff names Lt. Dziduch, he does not make clear whether Lt. Dziduch opened Plaintiff's cell door, was the hearing officer on a misbehavior report, or both. Plaintiff also does not make clear the circumstances under which the cell door was opened. As pled, the facts do not permit an inference

6

that Lt. Dziduch or any other Defendant opened the cell door knowing that the porters intended to assault Plaintiff. Because he did not remedy the deficiencies identified by the Court in the initial screening order, and because the facts pled in the amended complaint do not state a failure to protect claim, this claim is dismissed without leave to amend. *Williams*, 2023 WL 5584345, at *3.

### C. Equal Protection

The initial screening order apprised Plaintiff that his allegations that Defendants called him racist names and verbally harassed him, without more, did not state an equal protection claim. ECF No. 22 at 11-12. The Court set forth the elements required to state an equal protection claim and apprised Plaintiff that to survive screening, the amended complaint must include allegations demonstrating the Defendants' intent to disadvantage Hispanic inmates, including Plaintiff, or an intent to discriminate against Plaintiff based on his race. *Id.* The amended complaint only repeats the allegations made in the complaint, to wit: that Defendants called him racist names and withheld a package that contained items that were not allowed. ECF No. 31 at 22, ¶¶ 8-10. Because he did not remedy the deficiencies identified by the Court in the initial screening order, Plaintiff's equal protection claim is dismissed without leave to amend. *Williams*, 2023 WL 5584345, at *3.

### D. Retaliation

Plaintiff's amended complaint does not include allegations that sufficiently plead his previously sufficiently pled retaliation claim. *Compare* ECF No. 31 at 22 ¶¶ 8, 10, *with* ECF No. 1 at 4-5, ¶¶ 2-25. Because the Court apprised Plaintiff that an amended complaint is intended to completely replace the prior complaint in the action, rendering any prior complaint of no legal effect, and cautioned Plaintiff that if he failed to file an amended pleading that conformed to the Court's instructions, the claims would be dismissed, ECF No. 22 at 14-16, this claim is subject to dismissal.

### III.   Conclusion and Order

Because Plaintiff has had an opportunity to replead with guidance provided in the initial screening order, because the amended complaint fails to allege facts that cure the deficiencies described in the initial screening order, and because a liberal reading of all of Plaintiff's filings subsequent to the initial screening order gives no indication that a valid claim might be stated, the entire action is subject to dismissal with prejudice.[2] *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) ("When a plaintiff was aware 'of the deficiencies in his complaint when he first amended,' he 'clearly has no right to a second amendment . . . .'" (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978)); *accord Williams*, 2023 WL 5584345, at *3; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend").

However, recognizing that the Court previously permitted Plaintiff's retaliation claim to proceed to service, *see* ECF No. 22 at 15-16, to avoid the unduly harsh sanction of dismissing this

---

[2] Two items in Plaintiff's amended complaint warrant further comment. First, insofar as Plaintiff may be asserting claims related to his arrest and conviction, *see, e.g.*, ECF No. 31 at 26-28, ¶ 19, he does not state a claim on which relief can be granted. A prisoner cannot recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). There is no indication that Plaintiff's conviction or sentence meets any of these prerequisites. *See Inoa v. Smith*, No. 16CV2708VECJLC, 2019 WL 549019, at *1 (S.D.N.Y. Feb. 9, 2019) (denying federal habeas relief) (citing *People v. Inoa*, 25 N.Y.3d 466 (2015); *People v. Inoa*, 109 A.D.3d 765 (1st Dep't 2013) (Plaintiff's state court appeals)).

Second, the amended complaint includes a request for a preliminary injunction wherein Plaintiff requests an order enjoining the Defendants from negligence, maltreatment, inadequate medical care, race discrimination, deliberate indifference, and breaching the duty to protect. *See* ECF No. 31 at 13, 16-17, ¶ 5, 29-30. The Court need not address this request because it bears no relation to Plaintiff's retaliation claim, the only claim deemed to sufficient to proceed to service. *See N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) ("A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest."); *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) (where movant failed to establish a likelihood of success on the merits, there was no need to address the other prongs of the analysis).

action in its entirety, and in light of "the special solicitude federal courts ordinarily afford to *pro se* litigants," *Tracy v. Freshwater,* 623 F.3d 90, 100 (2d Cir. 2010), the Court will reinstate Plaintiff's original complaint, ECF No. 1, as the operative complaint.[3]

Accordingly, IT HEREBY IS ORDERED that Plaintiff's motion for appointment of counsel, ECF No. 32, is denied without prejudice; and it is further

ORDERED that the Clerk of Court is directed to terminate all Defendants from this action except Defendants L.T. Delaney and Sergeant Monkathon; and it is further

ORDERED that Plaintiff's retaliation claim against Defendants Delaney and Monkathon shall proceed to service; the Clerk of Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint (ECF No. 1), and this Order upon Defendants Delaney and Monkathon, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that the Clerk of Court is directed to forward a copy of this Order by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office, Ted.O'Brien@ag.ny.gov; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g), Defendants Delaney and Monkathon are directed to answer the operative complaint, ECF No. 1, upon service.

IT IS SO ORDERED.

Dated: December 12, 2023
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

---

[3] In stark contrast to his clear-eyed complaint, Plaintiff's subsequently filed documents are composed largely of baseless factual contentions that are fanciful, fantastic, delusional, irrational, and wholly incredible. The Court therefore takes a practical approach and reinstates the original complaint as the operative complaint.