UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE INOA,

                                      Plaintiff,

                                        Case # 22-CV-6509-FPG

v.

                                        DECISION AND ORDER

LIEUTENANT TIMOTHY DELANEY and
CAPTAIN JACOB MONKELBAAN,

                                   Defendants.

## INTRODUCTION

Plaintiff Jose Inoa brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants Lieutenant Timothy Delaney and Captain Jacob Monkelbaan retaliated against him for filing grievances. ECF No. 1; ECF No. 36 at 8–9. Plaintiff has filed a dispositive motion, ECF No. 129, and Defendants move for summary judgment on Plaintiff's claim, ECF No. 130. For the reasons that follow, Defendants' motion for summary judgment is GRANTED and Plaintiff's claim is DISMISSED WITH PREJUDICE. Plaintiff's dispositive motion is also DENIED AS MOOT.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See*

1

*Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted). While "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks, emphasis, and citation omitted), this "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment," *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (citation omitted).

When both parties move for summary judgment, the Court needs only determine whether either of the parties deserves judgment as a matter of law on facts that are not in dispute. *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). "Thus, even if both parties move for summary judgment and assert the absence of any genuine issues of material fact, 'a district court is not required to grant judgment as a matter of law for one side or the other.'" *AFS/IBEX v. AEGIS Managing Agency Ltd.*, 517 F. Supp. 3d 120, 123 (E.D.N.Y. 2021) (quoting *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993)). "Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales*, 249 F.3d at 121.

## DISCUSSION

Defendants oppose Plaintiff's dispositive motion and move for summary judgment on the basis that Plaintiff failed to (1) exhaust all administrative remedies, and (2) allege the personal involvement of Defendants related to the First Amendment retaliation claim. ECF Nos. 130, 131.[1]

---

[1] Defendants also argue that Plaintiff's dispositive motion should be denied due to its procedural deficiencies in form, such as not containing a notice of motion or a memorandum of law. ECF No. 131 at 1–2. However, the Court shall liberally construe Plaintiff's submission as a *pro se* litigant and shall not deny Plaintiff's motion on this basis. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) ("The policy of liberally construing *pro*

Because the Court agrees that Plaintiff failed to exhaust his administrative remedies, it will not discuss Defendants' second argument.

Plaintiff claims that Defendants violated his First Amendment rights by retaliating against Plaintiff for filing grievances.  ECF No. 129.[2]  Defendants argue that summary judgment is warranted because Plaintiff failed to exhaust his administrative remedies as to any grievance alleging retaliation.  ECF No. 130-7 at 8–11.  Although Plaintiff opposes Defendants' motion, he does not address this argument.  ECF No. 134.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) (holding that exhaustion is "mandatory").  If an inmate fails to exhaust his administrative remedies, he is barred from commencing a federal lawsuit.  *See Martin v. Niagara Cnty. Jail*, No. 05-CV-00868, 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012).  In other words, to commence a lawsuit "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself."  *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012) (quotation marks and citation omitted).  Exhaustion necessitates "using all steps that the [government] agency holds

---

*se* submissions is driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training" (citation omitted)).

[2] Plaintiff also requests a favorable judgment for (1) his Eighth Amendment claim that Defendants opened Plaintiff's cell, enabling other inmates to attack him; and (2) Plaintiff's claim that he was injured due to the injection of the Covid 19 vaccine.  ECF No. 129 at 4.  However, because the Court repeatedly dismissed these claims, ECF No. 22, 36, 39, the Court will not discuss them.  Therefore, the only remaining claim pertains to the purported retaliation Plaintiff suffered, such as Delaney denying witnesses from attending a hearing and Monkelbaan calling Plaintiff a racial slur.  ECF No. 1.

out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quotation marks and citation omitted). To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

There is no question that the PLRA requirements apply to Plaintiff's circumstance because Plaintiff is an inmate at a New York State prison claiming retaliation for filing grievances while incarcerated. ECF No. 1. Therefore, he must have exhausted administrative remedies prior to filing this suit. Failure to exhaust is an affirmative defense under the PLRA, and, as such, Defendants bear the initial burden of establishing that a grievance process exists. *Brooks v. Mullen*, No. 14-CV-6690, 2020 WL 2512868, at *2 (W.D.N.Y. May 15, 2020). Here, Defendants met this burden by citing the inmate grievance process outlined in N.Y. Comp. Codes R. & Regs. tit. 7, § 701, which applies to all prisoners in a New York State correctional facility, such as Attica Correctional Facility ("Attica"). ECF No. 130-7 at 10–11. Under § 701, there is a three-step process to resolve inmate grievances. N.Y. Comp. Codes R. & Regs. tit. 7, § 701. This process "requires the inmate to: (1) file a complaint with the Inmate Grievance Review Committee … ; (2) appeal to the facility superintendent; and (3) appeal to the [Department of Correctional Services] Central Office Review Committee." *Hernandez v. Coffey*, No. 99 Civ. 11615, 2003 WL 22241431, at *3 (S.D.N.Y. Sept. 29, 2003).

The PLRA requires that a prisoner exhaust all steps of the administrative remedy process. *See Amador*, 655 F.3d at 96. Therefore, in the instant case, for Plaintiff to have met the PLRA's exhaustion requirement, he would have needed to file a complaint with the Inmate Grievance Review Committee, then appeal the decision to the facility superintendent, and finally appeal that decision to the Central Office Review Committee ("CORC") prior to the filing of this case. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.

Defendants met their burden of proof to provide that Plaintiff failed to exhaust these administrative remedies. *See Stephenson v. Bosque*, No. 22-CV-00644, 2026 WL 891973, at *8 (D. Conn. Mar. 31, 2026) (stating that the defendant must "provide[] reliable evidence that administrative remedies were not exhausted before the plaintiff commenced the action"). Defendants submitted materials, including (1) sworn declarations and a Rule 56 Statement of Facts that state "Plaintiff did not file any grievances alleging retaliation" and "did not exhaust any grievances alleging retaliation"; (2) a printout of Attica's records that shows Plaintiff did not file any grievances alleging retaliation by staff in 2022; and (3) a printout of the appeals of grievances received by the CORC that shows the same. ECF No. 130-1 ¶¶ 5–6; ECF No. 130-3 at 3, 24–25; ECF No. 130-5 at 3, 6–11. On the other hand, Plaintiff provides no admissible evidence to show that he filed a grievance related to his First Amendment retaliation claim.[3] Therefore, the Court concludes that Plaintiff did not exhaust his administrative remedies.

As Plaintiff has failed to exhaust his administrative remedies, the Court must consider whether his non-exhaustion is excused. "An exception from the exhaustion requirement exists only if the process is unavailable." *Walton v. Dibble*, No. 24-CV-06242, 2026 WL 709696, at *2 (W.D.N.Y. Mar. 13, 2026). Generally, there are three circumstances where an administrative remedy is considered unavailable: (1) when it operates "as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) when "prison administrators thwart

---

[3] In his opposition, Plaintiff argues that the record shows that he did file grievances, including one entitled "Racial Harassment." ECF No. 134. However, the grievance Plaintiff attaches as evidence, *id.* at 12, does not allege First Amendment Retaliation. In his Complaint, Plaintiff had also alleged that his "family made numerous complaints to Attica Correctional Facility, and Albany, New York (O.S.I.), Office of Special Investigation" immediately after Plaintiff was attacked on January 15, 2022. ECF No. 1 ¶ 53. However, Plaintiff does not explain what these "numerous complaints" contained. In any event, because these complaints were not filed in accordance with the three-step grievance and appeal procedure that the New York State Department of Corrections and Community Supervision provides, they do not comply with the exhaustion requirement. *See Amador*, 655 F.3d at 96; *Woodford*, 548 U.S. at 90–91.

inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643–44 (2016).

In this instance, Plaintiff provided no admissible evidence that the grievance process was unavailable to him at the time. Rather, the record evidence demonstrates that Plaintiff filed multiple grievances and appealed several of them. *See* ECF No. 130-3 at 24–25; ECF No. 130-5 at 13–33; *see also Cooper v. A. Annucci*, No. 18-CV-762, 2020 WL 8474802, at *12 (N.D.N.Y. Nov. 9, 2020) (finding that the plaintiff filing ten grievances showed that he was "well-versed" in the grievance process). Thus, it cannot be said that the process was "so opaque" or that "prison administrators thwart[ed] inmates from taking advantage of a grievance process." *Ross* at 643–44. In addition, the record shows that Plaintiff received decisions from the CORC, the final step of the grievance process, ECF No. 130-5 at 15, 36, which shows that the grievance process did not operate "as a simple dead end." *Ross* at 643. Therefore, because administrative remedies were available to Plaintiff, Plaintiff's non-exhaustion is not excused.

As failure to exhaust administrative remedies "'is often a temporary, curable procedural flaw,' the Second Circuit has recognized that dismissal without prejudice is often appropriate where the prisoner can 'cure the defect simply by exhausting [his remedies] and then reinstituting his suit.'" *Hickman v. City of New York*, No. 20-CV-4699, 2021 WL 3604786, at *4 (S.D.N.Y. Aug. 12, 2021) (quoting *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004)). However, in this case, Plaintiff cannot cure his failure to exhaust administrative remedies. Plaintiff was required to "submit a complaint to the [Inmate Grievance Program] clerk within 21 calendar days of an alleged occurrence on an inmate grievance complaint form…" N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(a)(1). Although Plaintiff does not specify the date when the retaliation occurred, he states that he was transferred from Attica to Green Haven Correctional Facility in February 2022. ECF

6

No. 136 at 1.  Therefore, Plaintiff would have needed to submit a complaint by March 21, 2022, at the latest.  Having failed to do so, Plaintiff's failure to exhaust at this point is incurable.

As such, Defendants have established that no genuine issue of material fact exists regarding Plaintiff's failure to exhaust the administrative remedies with respect to his First Amendment retaliation claim.  For these reasons, the Court grants Defendants' motion for summary judgment and dismisses Plaintiff's claim with prejudice.  Because Plaintiff's only claim is dismissed, Plaintiff's dispositive motion is denied as moot.

**CONCLUSION**

For these reasons, Defendants' motion for summary judgment is GRANTED and Plaintiff's claim is DISMISSED WITH PREJUDICE.  Plaintiff's dispositive motion and motion for miscellaneous relief are DENIED AS MOOT.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 12, 2026
      Rochester, New York

                            HON. FRANK P. GERACI, JR.
                            United States District Judge
                            Western District of New York